STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct: (518) 776-2598

September 29, 2022

Honorable Mae D'Agostino
United States District Court
Northern District of New York
445 Broadway
Albany, NY 12207

Re:   *Starmel, Kendu v. Tompkins, Michael et. al*
      *Northern District of New York*
      20-CV-0089 (MAD)

Dear Judge D'Agostino:

The undersigned represents the defendants in this matter, along with A.A.G. Matthew Gallagher. The allegations in the Complaint relate to a Use of Force that occurred at Clinton Correctional Facility on February 24, 2017. Dkt. 3. Plaintiff's attorney submitted plaintiff's "Partial Opposition to Defendants' Motions in Limine" on September 27, 2022. Dkt. 56. In said papers, plaintiff's attorney indicated that plaintiff opposes that portion of defendants' motion that seeks to introduce evidence of plaintiff's disciplinary history in prison *except for that portion of his history relating to the July 6, 2016, incident resulting in plaintiff being charged with "assault on staff" as that incident is relevant to the events that occurred on February 24, 2017*. Dkt. 56, emphasis added. Plaintiff's counsel provides no support for the assertion that the July 2016 incident is relevant to the February 24, 2017, incident that is the subject matter of this action.

Plaintiff's Complaint does not contain any allegations related to a July 6, 2016, incident which occurred at Collins Correctional Facility, not Clinton Correctional Facility, and did not involve any of the defendants in this action. Plaintiff's counsel's opposition to defendants' motion in limine is the first notice that defendants received of plaintiff's intent to introduce evidence of this incident in their direct case. The July 6, 2016, incident has no relevance whatsoever to the allegations in plaintiff's Complaint which occurred approximately seven months after the July 2016 incident and did not involve any of the defendants in this action. Defendants object to any reference to this incident being offered by plaintiff at trial.

Defendants submitted a Motion in Limine in this case asserting that it should be permitted to introduce evidence of plaintiff's disciplinary history because the credibility of the plaintiff will play a crucial role in this case. Dkt. 51. Defense counsel has provided plaintiff's counsel with

September 29, 2022
Page 2

plaintiff's disciplinary history while in prison, including the dates, times and locations of the incidents, and any resulting charges against plaintiff.

      Plaintiff has alleged that he suffered Post Traumatic Stress Disorder and an exacerbation of pre-existing anxiety and depression as the result of the July 24, 2017, incident which is the subject of this action. Therefore, defendants assert that plaintiff's disciplinary history is relevant to any damages plaintiff is claiming to have suffered from this incident, which resulted in a misbehavior report issued to the plaintiff, versus any other interactions plaintiff had with DOCCS personnel during his period of incarceration. Defense counsel should be permitted to question Plaintiff regarding his allegations and claimed injuries in the aforementioned disciplinary incidents. In *Brewer v. Jones*, 222 Fed. App'x 69 (2d Cir. 2007), an action brought by an inmate pursuant to 42 U.S.C. § 1983, the plaintiff argued that the district court erred in admitting evidence at trial of a previous lawsuit filed by him. The United States Court of Appeals, Second Circuit, held that the evidence was properly admitted:

> We see nothing in the record to suggest that the challenged evidence was admitted for an improper purpose or was unduly prejudicial. On the contrary, because the evidence was relevant to show a possible cause of Brewer's injury unrelated to the acts of the defendant, the district court correctly concluded that the probative value of the evidence outweighed any possibility of prejudice. Furthermore, the record reflects that the defense scrupulously confined its use of the challenged evidence to the purpose for which it was admitted. Evidence admissible for one purpose is not rendered inadmissible by a separate rule which might preclude it.

*Brewer*, 222 Fed. App'x at 70-71.

In *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529 (E.D.N.Y. 2011), the plaintiff alleged that he suffered emotional injuries as a result of a strip search. *See* 840 F. Supp. 2d at 542. The defendants sought to introduce evidence at trial of materials from a previous lawsuit in which the plaintiff claimed to have suffered emotional problems as a result of a different strip search. *Id*. The District Court held that the defendants were permitted to introduce evidence of the date of the plaintiff's prior lawsuit, his allegations in that lawsuit about a strip search that caused emotional injury, and relevant deposition testimony from the previous lawsuit. *Id*. at 543.

Here, defendants should be permitted to inquire as to whether plaintiff suffered similar (alleged) trauma in similar disciplinary incidents.

However, the July 2016 incident has no relevance whatsoever to the liability, or lack thereof, of the defendants in the current action.

Thank you for your consideration of this matter.

September 29, 2022
Page 3

                                                Respectfully yours,

*Stacey Hamilton*

Stacey Hamilton
Assistant Attorney General
Bar Roll No. 510484
Stacey.hamilton@ag.ny.gov

cc:    Edward Sivin
        Sivin, Miller & Roche, LLP
        20 Vesey Street, Suite 400
        New York, NY 10007