UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENDU P. STARMEL,

                **Plaintiff,**

  vs.                                                  9:20-CV-00089
                                                        (MAD/DJS)

SGT. TOMPKIN, TERRY JAMES, *Corrections Officer*, and BENJAMIN LOCKLIN, *Corrections Officer*,

                **Defendants.**
_____

APPEARANCES:                                      OF COUNSEL:

**SIVIN, MILLER & ROCHE LLP**           **EDWARD SIVIN, ESQ.**
20 Vesey Street                               **GLENN D. MILLER, ESQ.**
Suite 1400                                      **CLYDE RASTETTER, ESQ.**
New York, New York 10007              **DAVID ROCHE, ESQ.**
Attorneys for Plaintiff

**NEW YORK STATE ATTORNEY**        **STACEY A. HAMILTON, AAG**
**GENERAL**                                     **MATTHEW GALLAGHER, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       On January 27, 2020, Plaintiff Kendu P. Starmel commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of his Eighth and Fourteenth Amendment rights while he was incarcerated at Clinton Correctional Facility. *See* Dkt. No. 1. After a so-ordered stipulation on July 27, 2021, the only remaining claims in the matter are Plaintiff's Eighth

Amendment excessive force and failure to intervene claims against Defendants Sergeant Tompkin ("Tompkin"), Corrections Officer Terry James ("James"), and Corrections Officer Benjamin Locklin ("Locklin").  See Dkt. No. 26.

Trial is scheduled to commence on October 13, 2022.  Currently before the Court are the parties' motions *in limine*.  See Dkt. Nos. 43, 51.  Plaintiff seeks to preclude Defendants from (1) submitting any evidence relating to his 1995 felony convictions for criminal possession of a weapon and criminal possession of a controlled substance; (2) asserting the affirmative defense of qualified immunity; and (3) making any references to a specific Defendant who was dismissed as part of the July 27, 2021 stipulation.  See Dkt. No. 43.  Defendants seek (1) permission to introduce into evidence the names, dates, and sentences imposed for Plaintiff's 1995 felony convictions; (2) permission to introduce into evidence Plaintiff's disciplinary history while incarcerated; and (3) the preclusion of any evidence relating to the claims that were dismissed as part of the July 27, 2021 stipulation.  See Dkt. No. 51.

For the reasons set forth below, both motions are granted in part, denied in part, and reserved in part.

## II. DISCUSSION

A.    **Legal Standards**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996).  "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."  *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001).

"[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287). Further, a district court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." *Luce*, 469 U.S. at 41. The moving party bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded on a motion *in limine*. *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016).

**B.     Plaintiff's Prior Felony Convictions**

Defendants argue that they should be allowed to impeach Plaintiff with the names, dates, and sentences imposed for each of his prior felony convictions because the probative value of these convictions is not substantially outweighed by the prejudice to Plaintiff. *See* Dkt. No. 51 at 3-6. In opposition, Plaintiff argues that, under Rule 609(b) of the Federal Rules of Evidence, Defendants should be prohibited from introducing evidence concerning his 1995 felony convictions because "the probative value, if any, of those remote convictions does not substantially outweigh the prejudicial effect that would result from the jury learning of these prior convictions." Dkt. No. 43 at 2. Plaintiff does not oppose Defendant' motion insofar as it relates to the names, dates, and sentences imposed for convictions that occurred in December 2001. *See* Dkt. No. 56 at 1.

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year ... must be admitted, subject to Rule 403, in a civil case." In other words, a district court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (quoting Fed. R. Evid. 403). However, where over ten years have passed since the witness's past felony conviction or release from confinement for it, whichever is later, Rule 609(b) provides that the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and ... the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."

In balancing probative value against prejudicial effect under Rule 609, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*, whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted). The district court has "wide discretion to impose limitations on the cross-examination of witnesses," *see United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002), which includes the discretion to "exclude the nature or statutory name of the offense, ... [or] the length of the sentence when its probative value is outweighed by its prejudicial effect," *see Brown*, 606 F. Supp. 2d at 312.

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of

4

credibility." *Estrada*, 430 F.3d at 618.  Violent crimes such as murder, conspiracy, robbery, and weapons possession are generally not particularly probative as to honesty or veracity.  *See id.* at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility).  However, "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." *Id.* at 618 (internal quotation omitted).

  Plaintiff's 1995 felony convictions were for possession of a weapon and possession of a controlled substance.  *See* Dkt. No. 43 at 1.  Plaintiff was released from confinement for those convictions in 1999.  *See id.*  Therefore, those felony convictions are presumptively inadmissible under Rule 609(b), except that they may be admitted if the Court finds that their probative value substantially outweighs the prejudicial effect.  The Court does not find so here.  Although Plaintiff's credibility is undoubtedly central to this case and these convictions do not appear especially similar to the conduct at issue, these convictions are also extremely remote—Plaintiff was released approximately twenty-three years ago—and, most significantly, neither possession of a weapon nor possession of a controlled substance are probative as to Plaintiff's honesty or veracity.  *See Simpson v. Butt*, No. 9:18-CV-97, 2019 WL 3975465, *2 (N.D.N.Y. Aug. 22, 2019) ("[C]riminal possession of a weapon [is] not particularly probative as to honesty or veracity"); *Ali v. Police Officer William Connick*, No. 11-CV-5297, 2016 WL 3080799, *3 (E.D.N.Y. May 31, 2016) ("[C]onvictions of ... drug possession rank 'low on the impeachment value scale'") (quotation omitted).

  Accordingly, the portion of Plaintiff's motion seeking to preclude evidence concerning his 1995 felony convictions is granted.  Defendants' motion to admit the names, dates, and sentences

imposed for each of Plaintiff's prior felony convictions is denied to the extent it concerns Plaintiff's 1995 felony convictions, and granted to the extent it concerns Plaintiff's 2001 felony conviction.[1]

C.     **Plaintiff's Disciplinary Record**

Defendants argue that they should be allowed to impeach Plaintiff with evidence of his disciplinary history while incarcerated because such evidence "demonstrate[s] Plaintiff's disregard for law and order and his propensity for deception." Dkt. No. 51 at 6. Defendants also argue that Plaintiff's disciplinary history is relevant to any damages Plaintiff is claiming to have suffered from the underlying incident because those injuries could have occurred as a result of "other interactions plaintiff had with DOCCS personnel during his period of incarceration." Dkt. No. 57 at 2. Plaintiff opposes any attempt to introduce his disciplinary history under Rule 404(b), with the exception of a July 6, 2016 incident, which Plaintiff intends to discuss as part of his direct case. *See* Dkt. No. 58 at 1.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Thus, "Federal Rule of Evidence 404(b) prohibits the introduction of character evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question." *Lombardo v. Stone*, No. 99 CIV. 4603, 2002 WL 113913, *3 (S.D.N.Y. Jan. 29, 2002). "In particular, disciplinary records of a state ward plaintiff, *e.g.*, a prison inmate or psychiatric

---

[1] Plaintiff's motion raises the issue of Defendants seeking to impeach his witnesses with their prior criminal convictions, but does not specifically move to preclude anything. *See* Dkt. No. 43 at 2. Defendants did not address this issue in their motion or in response to Plaintiff's motion. Accordingly, the Court reserves on this issue.

6

patient, are almost always inadmissible." *Id.* However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

Defendants' attempt to introduce Plaintiff's disciplinary history in order to "demonstrate Plaintiff's disregard for law and order," Dkt. No. 51 at 6, is not an appropriate use of this evidence under Rule 404(b), as Defendants plainly seek to use it "to prove [Plaintiff's] character in order to show that on a particular occasion [Plaintiff] acted in accordance with [that] character." Fed. R. Evid. 404(b). However, to the extent Defendants wish to show Plaintiff's "propensity for deception," Dkt. No. 51 at 6, a court may, on cross examination, allow "specific instances of a witness's conduct ... to be inquired into if they are probative of the [witnesses'] character for truthfulness or untruthfulness." Fed. R. Evid. 608(b).[2] Although Defendants provide a list of Plaintiff's disciplinary history, *see* Dkt. No. 52, they do not specifically call out any incidents as probative of Plaintiff's character for truthfulness or untruthfulness. Accordingly, the Court will reserve decision on this issue until Defendants make an offer of proof specifically identifying what disciplinary incidents they wish to inquire into under Rule 608(b) and precisely how those incidents are probative of truthfulness. The Court preliminarily notes that many of these incidents—such as those involving violent conduct, disobeying a direct order, or creating a disturbance—do not appear to be probative of Plaintiff's character for truthfulness. *See Estrada*, 430 F.3d at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility).

With respect to Defendants' contention that Plaintiff's disciplinary history is relevant to

---

[2] The Court notes that extrinsic evidence, such as the disciplinary records themselves, would not be admissible under Rule 608(b). *See Brown v. Cornell*, No. 9:17-CV-01036, 2021 WL 2711511, *2 (N.D.N.Y. July 1, 2021) (citing Fed. R. Evid. 608(b)).

establishing possible causes of Plaintiff's claimed injuries unrelated to the underlying incident, the Court agrees with Defendants that such evidence could theoretically be both relevant and admissible. *See Brewer v. Jones*, 222 Fed. Appx. 69, 70 (2d Cir. 2007) (holding that evidence from a previous lawsuit filed by the plaintiff was relevant and not unduly prejudicial where that evidence established "a possible cause of [the plaintiff's] injury unrelated to the acts of the defendant"); *see also Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529 (E.D.N.Y. 2011). However, such evidence must be "scrupulously confined ... to the purpose for which it was admitted." *Brewer*, 222 Fed. Appx. at 71. Here, if Defendants identify *specific* evidence from one of Plaintiff's disciplinary hearings that tends to establish that Plaintiff's claimed injuries may not have been the result of the underlying incident, then the Court is inclined to find that such evidence would be admissible for the limited purpose of establishing alternative causes of Plaintiff's alleged injuries. Defendants may not, however, attempt to find such evidence by cross-examining Plaintiff on the details of each of his twenty-one disciplinary incidents in front of the jury.

Finally, Plaintiff states that he does not oppose that portion of Defendants' motion that was related to a July 6, 2016 disciplinary incident[3] because he intends to introduce evidence relating to that incident as part of his direct case. *See* Dkt. No. 58 at 1. In opposition, Defendants argue that Plaintiff should be precluded from doing so because "the July 2016 incident has no relevance whatsoever to [Defendants] liability, or lack thereof." Dkt. No. 57 at 2. In response, Plaintiff broadly states that the July 6 incident was relevant to his direct case because it (1) was the reason he was in a Special Housing Unit at the time of the underlying incident and (2) tends to establish

---

[3] As a result of the July 6, 2016 disciplinary incident, Plaintiff was administratively charged and found guilty of assaulting an officer at Collins Correctional Facility. *See* Dkt. No. 58 at 1.

that Defendants' use of force was not for any legitimate penological purpose, but instead to punish Plaintiff for allegedly assaulting one of their fellow officers. *See id.* However, the relevance and necessity of the July 6 incident to Plaintiff's direct case is not clear to the Court at this juncture. Particularly, the July 6 incident occurred at a different correctional facility seven months earlier than the underlying incident and did not involve any of the Defendants in this action. Therefore, as was done with Defendants above, the Court will reserve decision on the admissibility of the July 6 disciplinary incident until Plaintiff makes an offer of proof as to precisely why evidence related to that incident is necessary to establish his direct case or tends to establish that the underlying use of force was to punish Plaintiff.

Accordingly, the Court reserves decision on this portion of the parties' motions.

### D. Qualified Immunity

Plaintiff's argue that Defendants should be foreclosed from presenting a qualified immunity defense at trial because "such a defense is not available to a defendant charged with a use of excessive force in violation of the Eighth Amendment." Dkt. No. 43 at 3.[4] Plaintiff is incorrect. "It is well settled that a defendant may be entitled to qualified immunity even where he has used excessive force." *Henry v. Dinelle*, 929 F. Supp. 2d 107, 123 (N.D.N.Y. 2013) (collecting cases), *aff'd*, 557 Fed. Appx. 20 (2d Cir. 2014). Whether qualified immunity is available to Defendants depends on facts that will be presented at trial.

Accordingly, this portion of Plaintiff's is denied as premature.

### E. Claims and Parties Dismissed under the July 27, 2021 Stipulation

---

[4] Although Defendants do not indicate that they have any opposition to this argument, qualified immunity is mentioned in both their proposed jury instructions, *see* Dkt. No. 46 at 22, and the parties' joint pretrial stipulation, *see* Dkt. No. 37 at 2 (stating that "[w]hether the doctrine of qualified immunity precludes [P]laintiff's claims against the [D]efendant[s]," is an "issue[ ] of law to be considered and applied by the Court") (capitalization omitted).

Plaintiff seeks to preclude any references at trial to "Mech Restr," a misidentified Defendant that was dismissed from the action as part of the July 27, 2021 stipulation. *See* Dkt. No. 43 at 4-5. Defendants' submissions do not indicate any opposition to this request. Instead, Defendants seek to preclude the introduction of evidence at trial relating to any of the claims dismissed as part of the July 27, 2021 stipulation. *See* Dkt. No. 51 at 7-8. Plaintiff does not oppose this portion of Defendants' motion. *See* Dkt. No. 56 at 1.

Accordingly, the portion of Plaintiff's motion seeking to preclude any references at trial to "Mech Restr" is granted. The portion of Defendants' motion seeking to preclude the introduction of evidence at trial relating to dismissed claims is also granted.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 43) is **GRANTED in part, DENIED in part, and RESERVED in part**; and the Court further

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 51) is **GRANTED in part, DENIED in part, and RESERVED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 11, 2022
      Albany, New York

Mae A. D'Agostino
U.S. District Judge