**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KENDU P. STARMEL,**

                                        **Plaintiff,**

        **vs.**                                                    **9:20-CV-00089**
                                                                   **(MAD/DJS)**

**SGT. TOMPKINS, TERRY JAMES,** *Corrections*
*Officer***, and BENJAMIN LOCKLIN,** *Corrections*
*Officer***,**

                                        **Defendants.**
_____


## JURY INSTRUCTIONS

## I.  GENERAL INSTRUCTIONS

**A.    Introduction**

        Now that you have heard all the evidence and the arguments of counsel, it is my

duty to instruct you on the law applicable to this case.

        Your duty as jurors is to determine the facts of this case on the basis of the admitted

evidence.  Once you have determined the facts, you must apply the law, as I am now

instructing you, to those facts.  You must consider and apply all of these instructions.  You

may not elect to apply some instructions and omit others.  It is the application of these

instructions in their entirety that states the law.  You should not concern yourselves with

the wisdom of any rule of law that I give you.  You are bound to accept and apply the law

as I give it to you, whether or not you agree with it.

        In deciding the facts of this case, you must not be swayed by feelings of bias,

prejudice, or sympathy toward either Plaintiff or Defendants.  You are not to consider what the parties' or the public reaction to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom.  You should consider only the evidence, both the testimony and all of the exhibits, and apply the law as I now give it to you.  The proper administration of justice requires that you carefully and impartially consider all the evidence in the case, follow the law as the Court states it, and render a decision based upon the application of the law to the facts as you find them to be.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of this case.  It is not my function to determine the facts; it is yours. In addition, you must not infer from anything I have said during this trial that I hold any views for or against either Plaintiff or Defendants.  In any event, any opinion I might have is irrelevant to your decision.

## B.    Role of the Attorneys

Our courts operate under an adversary system in which we hope that the truth will emerge through the competing presentations of opposing parties.  It is the responsibility of the attorneys to press as hard as they can for their respective positions.  It is their role to call your attention to those facts which are most helpful to their side of the case.  In fulfilling their role, they have not only the right, but also the obligation, to make objections to the introduction of evidence they believe is improper.

The application of the rules of evidence is not always clear, and lawyers often

disagree.  It has been my job as the judge to resolve those disputes.  It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case and are not to be considered as points scored for one side or the other.

Similarly, one cannot help but become involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest between attorneys.  You are to decide this case solely on the basis of the evidence and remember that the attorneys' statements and characterizations of the evidence are not evidence.  Insofar as you find their opening and/or closing arguments helpful, take advantage of them; but it is your memory and your evaluation of the evidence that counts.

Questions asked by the attorneys are also not evidence.  Only the witnesses' answers, in response to the question, are evidence.

**C.    Evidence**

As I stated earlier, your duty is to determine the facts based on the evidence I have admitted.  The term "evidence" includes the sworn testimony of witnesses and all of the exhibits that the Court has received.

Although you should consider only the admitted evidence, you may draw inferences from the testimony and exhibits which are justified in light of your common experiences. As I explained in my preliminary instructions, the law recognizes two types of evidence – direct and circumstantial.  Direct evidence is the testimony of one who asserts personal knowledge, such as an eyewitness.  Circumstantial or indirect evidence is proof of a chain

of events which points to the existence or nonexistence of certain facts.

The law does not distinguish between the weight to be given to direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You may rely on either type of evidence in reaching your decision.

As you know, the parties' attorneys have made a number of objections throughout the trial, as they are required to do. The lawyers not only have the right, but the duty, to make whatever legal objections there may be to the admission of evidence. If, during the course of the trial, I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

## II. EVALUATION OF EVIDENCE

### A.    Credibility of Witnesses

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was. You are the sole judges of the credibility of each witness and the importance of his or her testimony.

Now, in evaluating a witness's testimony, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that the witness may have shown for or against either party, as well as the interest that the witness may have in the outcome of the case.

You should consider the opportunity the witness had to see, hear, and know the things about which the witness testified, the accuracy of the witness's memory, candor or lack of candor, the reasonableness and the probability of the witness's testimony, the testimony's consistency or lack thereof, and its corroboration or lack of corroboration with other credible testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

If you were to find that any witness willfully testified falsely as to any material fact – that is, to an important matter – the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about other important matters. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of that witness's testimony as you deem true and disregard what you feel is false. By the processes which I have described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to that testimony.

In other words, what you must try to do in deciding credibility is to size up a witness in light of the witness's demeanor, the explanations given, and all of the other evidence in the case. Remember, you should always use your common sense, your good judgment and your own life experience. Also remember that the existence or non-existence of a fact is not determined by the number of witnesses called. Your concern is with the quality, not the quantity, of the evidence.

**B.    Interested Witness**

An interested witness is a person who has an interest in the outcome of the trial. Here, Plaintiff and Defendants are interested witnesses. An interested witness is not necessarily less believable than a disinterested witness. The fact that he or she is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether the testimony has been influenced, intentionally or unintentionally, by his interest. You are not required to reject the testimony of such a witness, and you may accept all or such part of his testimony as you find reliable and reject such part as you find unworthy of acceptance.

**C.    Inconsistent Statements**

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony. If the witness is not a party to this action, such prior inconsistent out-of-court statements may be

considered for the sole purpose of judging the witness's credibility; however, it MAY NOT be considered as evidence of proof of the truth of the statement.

On the other hand, where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness's interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves. If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

**D.    Prior Felony Convictions**

You may have heard evidence that Plaintiff and some witnesses have been convicted of crimes. You may consider that evidence only in deciding whether the testimony provided by that person is truthful in whole, in part, or not at all. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony. You may not consider this evidence for any other purpose.

**E.    Stipulations**

A stipulation is an agreement between the parties that a certain fact is true. You

must regard such agreed-upon facts as true.

## F.    Burden of Proof – Preponderance of the Evidence

To say that a party has the burden of proof on a particular issue means that, considering all the evidence in the case, the party's claim on that issue must be established by a **fair preponderance of the credible evidence**.  The credible evidence means the testimony and exhibits that you find worthy of belief.  A preponderance means the greater part of the evidence.  This does not mean the greater number of witnesses or the greater length of time taken by either side.   The phrase preponderance of the evidence refers to the quality of the evidence, its weight, and the effect that it has had on your minds.  In order for a party to prevail on an issue on which it has the burden of proof, the evidence that supports its claim on that issue must appeal to you as more nearly representing what happened than the evidence opposed to it.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must decide the question against the party who has the burden of proof and in favor of the opposing party.

## G.    Improper Considerations: Sympathy, Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has Plaintiff proven Defendants' liability by a fair preponderance of the evidence?

In reaching your decision, it would be improper for you to consider any personal feelings you may have about the parties' race, religion, national origin, sex or age. It would be equally improper for you to allow any feelings you might have about the nature of the claims to interfere with your decision-making process.

**H.    All Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in this case.

**I.    Testimony By Corrections Officers**

You have heard the testimony of a number of Corrections Officers employed by Clinton Correctional Facility. The fact that a witness is employed as a Corrections Officer does not mean that their testimony is deserving of any more or less consideration, or should be given any greater or lesser weight, than that of any other witness from whom you heard testimony.

At the same time, it is quite legitimate for counsel to attempt to attack the credibility of a Corrections Officer witness. It is your decision, after reviewing all of the evidence, to accept the testimony of the Corrections Officer or reject it, or to give it whatever weight you believe it deserves, just as you would with any other witness from whom you heard testimony.

**J.    Plaintiff's Status as a Detained Individual**

9

You have heard evidence that Plaintiff was incarcerated at the time of the alleged incident. Plaintiff's status as an inmate does not mean that his testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is legitimate, in certain situations, for counsel to try to attack the credibility of a person who is an inmate. You may consider this evidence only in deciding whether his testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

**K.    Multiple Defendants**

You must give separate consideration to each claim and each party in this case. Although there are three Defendants, it **does not** follow that if one is liable, the others are also liable. In considering a claim against one Defendant, you must not consider evidence admitted only against the other Defendant. In no event may you hold a Defendant liable merely because of the position he or she holds or held.

**L.    Testimony by a Remote Witness**

During the course of this trial, several witnesses appeared by video. You must treat the testimony of a witness who appears by remote means in the same manner as you would if the witness had testified in this courtroom. You should not draw any inference for or against any party based on the fact that a witness testifies by remote means.

**III.    SUBSTANTIVE CHARGES**

**A.    42 U.S.C. § 1983**

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, which provides that

> [e]very person who, under color of any statute, ordinance,
> regulation, custom or usage, of any State ... subjects, or causes
> to be subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured ...

I will simply refer to this statute as "Section 1983."

Section 1983 does not create any substantive right in and of itself but rather serves as a means by which individuals can seek redress in this Court for alleged violations of their substantive rights under the United States Constitution.

To establish a claim under Section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

FIRST: That the conduct complained of was committed by a person acting under color of state law;

SECOND: That this conduct deprived the Plaintiff of rights secured by the Constitution and laws of the United States; and

THIRD: That this conduct caused an injury to Plaintiff.

Plaintiff must prove all three elements. Thus, if you find that any one of the three elements of Plaintiff's claim has not been proven by a preponderance of the evidence, you must return a verdict for the Defendants.

I shall now examine each of the three elements in greater detail.

### 1. First Element – Action Under Color Of State Law

The first element of any claim under Section 1983 is that the acts of the defendant

be done under "color of state law."  In other words, the acts complained of must have

occurred while the defendant was acting or purporting to act in the performance of his or

her official duties.  **None of the parties in this case dispute that the Defendants were**

**acting in all relevant instances "under color of state law."**

It is important to remember, however, that neither the State of New York nor the

New York State Department of Corrections and Community Supervision is a defendant in

this case.  This is a suit against three individuals: **Sergeant Tompkins**, **Terry James**, and

**Benjamin Locklin**.  These individuals are not liable for their employer's conduct and you

are only to consider the potential liability of these Defendants solely on the basis of the

evidence that has been presented in this case.

### 2. Second Element – Deprivation of a Right

For the second element of Plaintiff's claim, Plaintiff must establish by a

preponderance of the credible evidence that Defendants' conduct deprived him of a right

secured by the Constitution or federal law.  Here, Plaintiff claims that: (a) Defendants

**James** and **Locklin** deprived him of his Eighth Amendment right against cruel and

unusual punishment by using excessive force against him on February 24, 2017; and (b)

Defendant **Tompkins** violated the Plaintiff's Eighth Amendment right against cruel and

unusual punishment by failing to intervene to stop the use of excessive force on February

24, 2017.

### a. Excessive Force

I will first instruct you on the elements of Plaintiff's Eighth Amendment excessive

force claim.

Plaintiff alleges that Defendants **James** and **Locklin** violated his rights protected by the Eighth Amendment of the United States Constitution on February 24, 2017 by subjecting him to excessive physical force and causing him physical injury. Plaintiff bears the burden of proving his excessive-force claims by the preponderance of the evidence.

Where officers act in concert with each other, such as by lending aid or encouragement, the officers are each fully responsible for the plaintiff's injuries even though the particular officer in question may not have wielded the instrumentality of harm. In other words, an officer may be liable for excessive force even if he or she did not strike the blow that caused the plaintiff's most significant injury. It is enough that the officer was at the scene and participated in the use of force.

To prove his claim of excessive force, Plaintiff must prove each of the following elements by a preponderance of the credible evidence: (1) that the Defendant you are considering acted maliciously and sadistically; and (2) that Plaintiff suffered an injury as a result of that particular Defendant's conduct.

### i. First Element: Malicious and Sadistic Conduct

In the context of an excessive force claim, the key inquiry is whether the defendant applied force in a good faith effort to maintain or restore discipline or whether the defendant acted maliciously and sadistically for the very purpose of causing harm.

An act is maliciously done if it is done to cause pain or injury to another without justification. An act is done sadistically if it is done to obtain gratification by the infliction

of physical or mental pain to another.

Your evaluation of this element involves an evaluation of the force used; that is, was the force reasonable in light of the circumstances of the case.  In deciding this, you should examine facts such as the extent of Plaintiff's injuries, the need for the application of force, the relationship between that need and the amount of the force used, the threat reasonably perceived by Defendants and any efforts by Defendants to temper the severity of a forceful response, *i.e.*, to use only that force necessary to meet the threat posed. Again, in the context of a prison, it is necessary to realize that not every push or shove violates a prisoner's constitutional rights.  It is important to remember that a corrections officer is permitted by law to use such physical force, as may have been reasonably necessary, to enforce compliance with proper instructions, and to protect other prisoners, themselves, and other corrections staff from physical harm.

If an evaluation of these factors leads you to believe that the Defendant you are considering acted maliciously and sadistically for the very purpose of causing harm, then Plaintiff has established this element as to that Defendant.  If, however, you find that the Defendant you are considering acted in a good faith effort to maintain and restore discipline, then Plaintiff has failed to meet this element as to that Defendant.

### ii. Second Element: Injury caused by Defendant

If you find that the Defendant you are considering used force in a malicious and sadistic manner then you must consider whether such conduct was the proximate cause of an injury to Plaintiff.  In an excessive force claim, this element may be established even if

the victim does not suffer serious or significant injury, so long as he has suffered some injury.

A proximate cause is an act or omission that, in a natural course, produces injury and without this act or omission the injury would not have occurred. Stated another way, before Plaintiff can recover damages for any injuries, he must first show by a preponderance of the evidence that such injury would not have come about were it not for the conduct of the Defendant you are considering.

### b. Failure to Intervene

In addition to the excessive force claim I just described to you, Plaintiff also alleges that his Eighth Amendment rights were violated when Defendant **Tompkins** failed to intervene and protect him from the use of force by other Defendants. Prison officials have a constitutional duty to provide for prisoners' physical safety. Thus, prison officials may violate a prisoner's rights under the Eighth Amendment by failing to prevent a substantial risk to an inmate's safety. It is important to note that you are only to reach the merits of this claim if you find that any other Defendant used excessive force against Plaintiff.

To establish that one or more Defendants failed to intervene, Plaintiff must establish by a preponderance of the evidence that someone other than the individual Defendant under consideration used excessive force against Plaintiff, and that the Defendant you are considering (1) possessed actual knowledge of the use by another of excessive force; (2) had a realistic opportunity to intervene and prevent the harm from occurring; and (3) nonetheless disregarded that risk by intentionally refusing or failing to

take reasonable measures to end the use of excessive force.

When determining if a Defendant had a realistic opportunity to intervene under the second element, you should consider the circumstances of the incident including the length of the alleged use of force, the Defendant's proximity to the incident, and whether the Defendant was capable of preventing the harm being caused by another officer. For the final element, ordinary negligence or lack of due care is not enough to establish that a Defendant intentionally refused or failed to intervene. Rather, Plaintiff must establish by a preponderance of the evidence that Defendants failed to intervene with "deliberate indifference" to the needs of the Plaintiff to be protected. "Deliberate indifference" is established only if the Defendant recklessly disregarded a substantial risk to Plaintiff's safety by refusing or failing to take reasonable measures to protect against the risk.

### 3. Third Element – Causation

Returning to Plaintiff's overarching Section 1983 claim, the third and final element Plaintiff must establish is that Defendants' alleged unconstitutional conduct was a proximate cause of the injuries Plaintiff sustained. Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any injury or damage sustained by Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of a Defendant's acts or omissions.

**D.    Damages**

### 1. Generally

16

If Plaintiff has proven by a preponderance of the credible evidence that a Defendant is liable on one or more of his claims, then you must determine the amount of damages to which Plaintiff is entitled for that claim. However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide the issues of liability outlined above, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery.

### 2. Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, resulting from that Defendant's violation of Plaintiff's rights. If you find that a Defendant is liable on Plaintiff's claim, as I have explained it, then you must award Plaintiff sufficient damages to compensate him for any injury proximately caused by that Defendant's conduct. An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission was a substantial contributing factor in causing the injury or damage.

These are known as compensatory damages. Compensatory damages seek to make Plaintiff whole – that is, to compensate him for any damage he may have suffered. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, or shock and discomfort that he has suffered because of a defendant's conduct.

You are to use your sound discretion in fixing an award of damages, drawing

reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

### 3. Nominal Damages

If you find that Plaintiff has failed to prove that he is entitled to compensatory damages, you must, nevertheless, award him nominal damages in the amount of one dollar if you find that the Defendant you are considering violated his constitutional rights.

You may not award Plaintiff both nominal and compensatory damages if you find that the Defendant you are considering violated his rights.  In other words, if you find that the Defendant you are considering violated Plaintiff's rights and that he was measurably injured, you may award him compensatory damages.  On the other hand, if you find that the Defendant you are considering violated Plaintiff's rights but that he was not measurably injured, you must award him nominal damages of one dollar.  If you find that Plaintiff's constitutional rights were violated and award nominal damages, you may also consider whether Plaintiff is entitled to an award of punitive damages.  You may consider the issue of punitive damages whether or not you award Plaintiff any compensatory damages on his constitutional claims.

### 4. Punitive Damages

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing similar acts in the future.

I must emphasize, however, that at this stage of the proceedings, you are only to

consider whether or not Plaintiff is **entitled** to such an award of punitive damages against one of more Defendant(s).  If you determine that Plaintiff is entitled to such an award, you will be asked to determine what amount such an award should be at a separate hearing concerning this issue.  Therefore, you are **not** to consider the **amount** of punitive damages, if any, you believe Plaintiff is entitled to receive.

You may conclude that Plaintiff is entitled to punitive damages if you find that one or both of Defendants' acts or omissions were done maliciously or wantonly.  An act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  In order to justify an award of punitive damages, Plaintiff has the burden of proving, by a preponderance of the evidence, that the Defendant you are considering acted maliciously or wantonly with regard to his rights.

Please remember that at this stage of the proceedings, you are only to consider whether or not Plaintiff is **entitled** to such an award of punitive damages.  If you determine that Plaintiff is so entitled, a separate hearing will be held at which you will hear evidence relevant to the proper amount of such damages.  While many of the same considerations apply to a determination of the amount of a punitive damages award, the Court will have specific instructions for you regarding this determination, should it become necessary.

## IV. CONCLUSION

I have now outlined the rules of law applicable to this case and the processes by

which you should weigh the evidence and determine the facts.  In a few minutes, you will retire to the jury room for your deliberations.  Your first order of business in the jury room will be to elect a foreperson.  The foreperson's responsibility is to ensure that deliberations proceed in an orderly manner.  The foreperson's vote, however, carries the same weight as the vote of any other juror.

As jurors, you are required to discuss the issues and the evidence with each other. Although you must deliberate with a view to reaching an agreement, you must not violate your individual judgment and conscience in doing so.  The proper administration of justice requires you to give full and conscientious consideration to the issues and evidence before you in determining the facts of the case – and then apply the law that the Court gives you to those facts.

To return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

During your deliberations, do not hesitate to re-examine your views and change your mind.  Do not, however, surrender your honest convictions because of the opinion of a fellow juror or for the purpose of returning a verdict.  Remember you are not partisans. You are the judges – judges of the facts.  Your duty is to seek the truth from the evidence presented to you, while holding the parties to their burdens of proof.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my instructions, it is your privilege to return to the courtroom to have the testimony read to you or my instructions

further explained.  You should, however, make a conscientious effort to resolve any

questions as to testimony through your collective recollections.

Should you desire to communicate with the Court during your deliberations, please

put your message or question in writing.  The foreperson should sign the note and pass it

to the marshal who will bring it to my attention.  I will share those questions or writings

with counsel for Plaintiff and Defendants.  I will then respond, either in writing or orally,

by having you returned to the courtroom.

There is no time limit on your deliberations, members of the jury.  Once you have

reached a unanimous verdict, your foreperson should fill in the verdict form, date and sign

it, and inform the marshal that you have reached a verdict.  After you have reached your

verdict, the Court may ask you to answer some additional factual questions.