UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KENDU P. STARMEL,

                              **Plaintiff,**

vs.                                              9:20-CV-00089
                                            (MAD/DJS)

SGT. TOMPKINS, TERRY JAMES, *Corrections Officer*, and BENJAMIN LOCKLIN, *Corrections Officer*,

                              **Defendants.**

## JURY VERDICT FORM

PLEASE NOTE - Each Juror will be provided with a Verdict Form. HOWEVER, YOUR VERDICT SHOULD BE REPORTED TO THE JUDGE ON <u>ONLY ONE</u> VERDICT FORM WHICH IS SIGNED BY THE JURY FOREPERSON. The remaining Verdict Forms should be returned to the courtroom deputy unsigned.

**ALSO, please carefully follow the bold-type directions accompanying each question.**

### I. EXCESSIVE FORCE

**1(a).** Did Plaintiff prove by a fair preponderance of the credible evidence that, on February 24, 2017, Defendant James or Defendant Locklin used excessive force against him in violation of the Eighth Amendment of the United States Constitution?

      **Defendant James**                       Yes ✓   No ____

      **Defendant Locklin**                   Yes ____   No ✓

    **If you answered "No" with respect to all Defendants in Question 1(a), your deliberations are complete. Please have the foreperson sign and date the last page of the Verdict Form. If you answered "Yes" with respect to any Defendant(s) in Question 1(a), please proceed to Question 1(b) as to any such Defendant(s).**

1(b). Did Plaintiff prove by a fair preponderance of the credible evidence that the alleged use of excessive force on February 24, 2017, by any Defendant(s), proximately caused an injury to Plaintiff?

      **Defendant James**      Yes ✓    No ___

      **Defendant Locklin**      Yes ___    No ✓

If you answered "No" with respect to all Defendants in Question 1(b), your deliberations are complete. Please have the foreperson sign and date the last page of the Verdict Form. If you answered "Yes" with respect to any Defendant(s) in Question 1(b), please proceed to Question 1(c).

1(c). What sum of money, if any, do you find that Plaintiff has proven by a fair preponderance of the evidence would fairly compensate him for any injury he has suffered that was proximately caused by Defendant(s) alleged use of excessive force surrounding the February 24, 2017, incident?

      $ 100,000

Please note that you may not award both compensatory and nominal damages. Therefore, if you found in Question 1(c) that Plaintiff is entitled to compensatory damages for the February 24, 2017 incident, please skip Question 1(d) and proceed to Question 1(e). If you found that Plaintiff is not entitled to compensatory damages in Question 1(c), please proceed to Question 1(d) and award Plaintiff nominal damages of no more than $1.00.

1(d). What amount, if any, do you award as nominal damages to Plaintiff for the alleged excessive force incident on February 24, 2017?

      $ _____

Please proceed to Question 1(e).

2

1(e). Did Plaintiff establish by a fair preponderance of the evidence that the Defendant(s) for whom you answered "Yes" to both Questions 1(a) and 1(b) was motivated by evil motive or intent or by reckless indifference to Plaintiff's constitutional rights, such that punitive damages should be assessed against that Defendant(s)?

    **Defendant James**           Yes _____ No ✓

    **Defendant Locklin**         Yes _____ No ✓

**Please proceed to Question 2(a).**

## II. FAILURE TO INTERVENE

2(a). Did Plaintiff prove by a fair preponderance of the credible evidence that any of the Defendants violated his Eighth Amendment rights by failing to intervene to prevent the alleged use of excessive force on February 24, 2017?

    **Defendant Tompkins**       Yes ✓ No _____

**If you answered "No" with respect to all Defendants in Question 2(a), your deliberations are complete. Please have the foreperson sign and date the last page of the Verdict Form. If you answered "Yes" with respect to any Defendant(s) in Question 2(a), please proceed to Question 2(b) as to any such Defendant(s).**

2(b). Did Plaintiff prove by a fair preponderance of the credible evidence that any of the Defendants' failure to intervene to prevent the alleged use of excessive force on February 24, 2017, proximately caused an injury to Plaintiff?

    **Defendant Tompkins**       Yes ✓ No _____

**If you answered "No" with respect to all Defendants in Question 2(b), your deliberations are complete. Please have the foreperson sign and date the last page of the Verdict Form. If you answered "Yes" with respect to any Defendant(s) in Question 2(b), please proceed to Question 2(c).**

**2(c).** What sum of money, if any, do you find that Plaintiff has proven by a fair preponderance of the evidence would fairly compensate him for any injury he has suffered that was proximately caused by Defendant(s)' failure to intervene in the alleged use of excessive force on February 24, 2017?

$ __150,000__

**Please note that you may not award both compensatory and nominal damages. Therefore, if you found in Question 2(c) that Plaintiff is entitled to compensatory damages for the February 24, 2017 incident, please skip Question 2(d) and proceed to Question 2(e). If you found that Plaintiff is not entitled to compensatory damages in Question 2(c), please proceed to Question 2(d) and award Plaintiff nominal damages of no more than $1.00.**

**2(d).** What amount, if any, do you award as nominal damages to Plaintiff for Defendant(s)' failure to intervene in the alleged use of excessive force on February 24, 2017?

$ _____

**Please proceed to Question 2(e).**

**2(e).** Did Plaintiff establish by a fair preponderance of the evidence that any of the Defendants for whom you answered "Yes" to both Questions 2(a) **and** 2(b), was motivated by evil motive or intent or by reckless indifference to Plaintiff's constitutional rights by his failure to intervene, such that punitive damages should be assessed against that Defendant(s)?

**Defendant Tompkins**          Yes _____  No ✓

**YOUR DELIBERATIONS ARE COMPLETE.**

**PLEASE INFORM THE MARSHAL THAT YOU HAVE REACHED A VERDICT. PLEASE REMEMBER TO HAVE THE FOREPERSON DATE AND SIGN YOUR VERDICT SHEET. THANK YOU.**

Dated: October 21, 2022           Foreperson's Name Redacted
                                  Foreperson's Signature