**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

KENDU P. STARMEL,

                                         **Plaintiff,**

         vs.                                                          **9:20-CV-89**
                                                                      **(MAD/DJS)**

MICHAEL TOMPKINS and TERRY JAMES,

                                         **Defendants.**
_____

APPEARANCES:                              OF COUNSEL:

**SIVIN, MILLER & ROCHE LLP**              **EDWARD SIVIN, ESQ.**
20 Vesey Street                           **GLENN D. MILLER, ESQ.**
Suite 1400                                **CLYDE RASTETTER, ESQ.**
New York, New York 10007                  **DAVID ROCHE, ESQ.**
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**                 **STACEY A. HAMILTON, AAG**
**STATE ATTORNEY GENERAL**                 **MATTHEW GALLAGHER, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.  INTRODUCTION**

        Plaintiff Kendu P. Starmel, who was an inmate at Clinton Correctional Facility, initiated

this action on January 27, 2020, by filing a complaint.  _See_ Dkt. No. 1.  The complaint alleged

violations of Plaintiff's Eighth Amendment rights, pursuant to 42 U.S.C. § 1983, against

Defendants Retired Sergeant Michael Tompkins, Sergeant Terry James, and Corrections Officer

Benjamin Locklin.  _See id._  Following a three-day trial, a jury found in Plaintiff's favor on the

excessive force and failure to intervene claims against Defendants James and Tompkins and

returned a no cause verdict as to Defendant Locklin. *See* Dkt. No. 74. The jury awarded Plaintiff compensatory damages in the amount of $100,000 against Defendant James and $150,000 against Defendant Tompkins. *See id.* at 2, 4.

Presently before the Court is Plaintiff's motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. *See* Dkt. No. 86. Defendants opposed the motion, *see* Dkt. No. 91, and Plaintiff replied. *See* Dkt. No. 92. For the following reasons, the motion is granted to the extent outlined herein.

## II.  DISCUSSION

The Court assumes the parties' familiarity with the facts of the case.

### A.    Legal Standard

Pursuant to Section 1988, "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "Determining whether an award of attorney's fees is appropriate requires a two-step inquiry. First, the party must be a 'prevailing party' in order to recover. If [he or] she is, then the requested fee must also be reasonable." *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996) (citations omitted).

In the Second Circuit, "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (citation omitted). Ultimately, "[t]he presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (citation omitted). The party seeking attorneys'

fees "bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (citation omitted).

Additionally, "'any attorney . . . who applies for court-ordered compensation . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'" *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (citation omitted). "The law is clear that in reviewing a fee application, the court 'should exclude excessive, redundant or otherwise unnecessary hours.'" *Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-2205, 2012 WL 1624291, *33 (E.D.N.Y. Apr. 30, 2012) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). "The relevant inquiry for the Court 'is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Genito v. Forster & Garbus LLP*, No. 6:15-CV-00954, 2016 WL 3748184, *2 (N.D.N.Y. July 11, 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

## B.      Reasonable Hourly Rate

In calculating the "presumptively reasonable fee," the Second Circuit has held that a district court is "to bear in mind *all* of the case-specific variables that [courts] have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (emphasis in original). The relevant factors for a court to consider include, but are not limited to, the complexity and difficulty of the case, the expertise and capacity of the client's other counsel, the resources required for effective

prosecution of the case, the case's timing demands, the attorney's interest in achieving the ends of the litigation, the nature of representation, and the type of work involved in the case. *See id.* at 184.

The Second "Circuit's 'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson*, 652 F.3d at 290 (quoting *Simmons*, 575 F.3d at 174); *see also Monsour v. New York State Off. for People with Dev. Disabilities*, No. 1:13-CV-00336, 2018 WL 3349233, *17 (N.D.N.Y. July 9, 2018) (explaining that an attorney's hourly rate is considered reasonable when it is "in line with the rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation'"). "Paralegal services are includable in an award of attorneys' fees, and the reasonableness of their fees are also determined by reference to the prevailing hourly rate in the relevant community." *HTV Indus., Inc. v. Agarwal*, 317 F. Supp. 3d 707, 720 (S.D.N.Y. 2018) (citing *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000)). The "court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district" and "on evidence proffered by the parties." *Adorno v. Port Auth.*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010) (internal quotation marks omitted).

Plaintiff seeks an hourly rate of $350 per hour for Edward Sivin and Glenn Miller, partners of Sivin, Miller & Roche, LLP. *See* Dkt. No. 86-8 at 11. Plaintiff seeks $90 per hour for paralegal Stephanie Liebowitz and legal assistant Jake Ethé. *See id.*

### 1. *Edward Sivin and Glenn Miller*

Defendants object to a rate of $350 per hour for Messrs. Sivin and Miller. *See* Dkt. No. 91 at 25. Defendants contends that Messrs. Sivin and Miller are "trying to 'have it both ways,' by

4

seeking the highest rates while simultaneously charging for excessive hours." *Id.*

Mr. Sivin is a graduate of Rutgers-Camden Law School and has been practicing law for forty-one years. *See* Dkt. No. 86-1 at ¶¶ 11-12. He has practiced exclusively in plaintiff's litigation. *See id.* at ¶ 12. Mr. Miller is a graduate of Boston University School of Law and has been practicing law for thirty-eight years. *See id.* at ¶ 15. Mr. Miller is an experienced trial attorney who tried numerous criminal cases prior to entering private practice. *See id.*

Defendants cite *Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 407 (E.D.N.Y. 2019), to support their contention that Messrs. Miller and Sivin cannot bill $350 per hour and bill excessive hours. *See* Dkt. No. 91 at 25. In *Cleanup*, the court reduced the attorneys' hourly rates of $600, $450, and $425 per hour to $425, $350, and $325 per hour, respectively. *See Cleanup*, 373 F. Supp. 3d at 405-06. The requested amounts were "beyond the highest end of the range typically awarded for attorneys with their years of experience." *Id.* at 404-05.

Here, the Northern District has repeatedly upheld $350 per hour for attorneys with more than twenty years of experience. *See New York State Rifle & Pistol Ass'n, Inc. v. Nigrelli*, No. 1:18-CV-134, 2023 WL 6200195, *8, *10 (N.D.N.Y. Sept. 22, 2023); *Tranchina v. McGrath*, No. 9:17-CV-01256, 2021 WL 5139471, *2 (N.D.N.Y. Nov. 4, 2021); *Tomassini v. FCA US LLC*, No. 3:14-CV-1226, 2021 WL 1163628, *3 (N.D.N.Y. Mar. 26, 2021); *CIT Bank, N.A. v. Fox*, No. 3:18-CV-00154, 2019 WL 6134154, *3-4 (N.D.N.Y. Nov. 19, 2019); *Premium Sports, Inc. v. Nichols*, No. 3:17-CV-0741, 2018 WL 3574870, *9 (N.D.N.Y. July 25, 2018). Given the two partners' qualifications and experience, the Court finds that a requested rate of $350 per hour is reasonable.

### 2. Stephanie Leibowitz

Defendants object to a rate of $90 per hour for paralegal Ms. Leibowitz.  *See* Dkt. No. 91

at 25.  Defendants argue that $90 per hour is inappropriate for a paralegal who graduated from

college one year ago and who does not hold any licenses or certifications.  *See id.*  Defendants

contend that Plaintiffs are seeking $90 an hour "for what amounts to clerical and secretarial

services."  *Id.*

Ms. Leibowitz graduated from Barnard College, Columbia University in 2022.  See Dkt.

No. 86-1 at ¶ 18.  Defendants do not present any authority to support a lesser rate because of the

year Ms. Leibowitz graduated from college.  *See* Dkt. No. 91 at 25.

In the Northern District, it is well settled that a rate of $90 per hour is appropriate for

paralegals.  *See New York State Rifle & Pistol Ass'n, Inc.*, 2023 WL 6200195, at *14; *Sadowski v.

Urbanspotlite LLC*, No. 1:22-CV-00887, 2023 WL 2838376, *6 (N.D.N.Y. Apr. 7, 2023);

*Muldowney v. Simon's Agency, Inc.*, No. 5:19-CV-531, 2021 WL 6197268, *1-2 (N.D.N.Y. Apr.

1, 2021).  Accordingly, the Court finds $90 per hour to be an appropriate rate for Ms. Leibowitz.

### 3.  Jake Ethé

Defendants object to a rate of $90 per hour for legal assistant Jake Ethé.  *See* Dkt. No. 91

at 26.  Defendants argue that $90 per hour is excessive because Mr. Ethé did not go to law school

and does not hold any licenses or certificates.  *See id.*

Mr. Ethé graduated *cum laude* from Columbia University in 2017.  *See* Dkt. No. 86-1 at

¶ 18.  He has been a legal assistant for Sivin, Miler & Roche LLP since 2018.  *See id.*

"[A]n accepted in-forum rate for paralegals and legal assistants is $80–$90."  *Montanez v.

City of Syracuse*, No. 6:16-CV-00550, 2020 WL 5123134, *6 (N.D.N.Y. Aug. 31, 2020); *New

York State Rifle & Pistol Ass'n, Inc.*, 2023 WL 6200195, at *9; *Upstate New York Engineers

Health Fund by Spaulding v. Pumpcrete Corp.*, No. 5:21-CV-00344, 2022 WL 2528130, *1-2

(N.D.N.Y. July 7, 2022) (awarding $95 per hour to legal assistant).  Accordingly, the Court finds $90 per hour to be an appropriate rate for Mr. Ethé.

**C.      Reasonable Number of Hours**

"The fee applicant also bears the burden of documenting the hours spent by counsel, and the reasonableness thereof." *Stevens v. Rite Aid Corp.*, No. 6:13-CV-783, 2016 WL 6652774, *4 (N.D.N.Y. July 6, 2016).  The district court "should exclude . . . hours that were not 'reasonably expended,'" including "hours that are excessive, redundant, or otherwise unnecessary." *Hensley, v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted).  "In excluding hours that were not reasonably expended, 'the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 28 (N.D.N.Y. 2015) (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

Plaintiff requests a fee award for: (1) 98.3 hours expended by Mr. Sivin, (2) 221.1 hours expended by Mr. Miller, (3) 106.2 hours expended by Ms. Leibowitz, and (4) 10.81 hours expended by Mr. Ethé.  *See* Dkt. No. 86-1 at ¶ 31.  In his reply brief, Plaintiff seeks an additional fee award for 17.7 hours expended by Mr. Sivin and 5.7 hours expended by Mr. Miller.  *See* Dkt. No. 92 at ¶ 38.  Plaintiff also seeks $6,780.13 for litigation expenses.  *See* Dkt. No. 86-8 at 18; Dkt. No. 86-1 at ¶ 32.  Defendants object to redundant billing, overcharging, and travel time.  *See generally* Dkt. No. 91.

### 1.  *Hours Related to Medical Records and Dismissed Defendants*

Defendants argue that any fee requests related to the review of Plaintiff's medical records, Defendant Locklin, or J. LaPorte should not be awarded because Plaintiff sought only garden

variety damages and Locklin and LaPorte were dismissed from the case.  *See* Dkt. No. 91 at 14-16, 18, 23-24.

LaPorte was dismissed from the action in July 2021 by stipulation of the parties.  *See* Dkt. No. 25.  The jury returned a no cause verdict for Locklin in October 2022.  *See* Dkt. No. 74.

"Attorney's fees may be awarded for unsuccessful claims as well as successful ones . . . where they are inextricably intertwined and involve a common core of facts or are based on related legal theories."  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citation and quotation marks omitted).  "[W]hen a plaintiff has succeeded on only some of his claims for relief, two questions must be addressed: First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?"  *Grant v. City of Syracuse*, 357 F. Supp. 3d 180, 204 (N.D.N.Y. 2019) (quotation marks omitted).  "Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"  *Id.* (quoting *DiSorbo v. City of Schenectady*, No. 99-CV-1131, 2004 WL 115009, *4 (N.D.N.Y. Jan. 9, 2004)).  "So long as the plaintiff's unsuccessful claims are not 'wholly unrelated' to the plaintiff's successful claims, hours spent on the unsuccessful claims need not be excluded from the lodestar amount."  *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) (quoting *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992)).

Plaintiff's unsuccessful claims against Locklin and LaPorte were related to Plaintiff's successful claims against Tompkins and James.  *See* Dkt. No. 1.  Locklin was a party to the action until the jury rendered its verdict and LaPorte was a witness at trial.  Defendants have not explained how the claims are "wholly unrelated" and the Court will therefore consider fee requests related to Locklin and LaPorte.  *Lunday*, 42 F.3d at 133.

As to Plaintiff's medical records, Defendants are correct that Plaintiff sought only garden variety damages. *See* Dkt. No. 91 at 23-24. However, Defendants do not explain why that negates the need for Plaintiff's counsel to review Plaintiff's medical records. *See generally id.* Mr. Sivin explains that the review of Plaintiff's medical records was necessary to determine whether Plaintiff would seek more than garden variety damages. *See* Dkt. No. 92 at ¶ 26. The Court concludes that it was reasonable for Plaintiff's counsel to review Plaintiff's medical records to determine what kind and/or amount of damages to seek at trial.

The Court will address each of Defendants' specific objections to the amount of time an attorney or paralegal spent on a particular task related to Plaintiff's medical records or the dismissed Defendants, below.

### 2. *Whether Mr. Sivin's Hours are Reasonable*

Defendants argue that Messrs. Sivin and Miller's time entries are vague. *See* Dkt. No. 91 at 13, 20-21. "While the fee applicant's records need not be extraordinarily detailed, they must identify the general subject matter of the claimed time expenditures." *People ex rel. Vacco v. Rac Holding, Inc.*, 135 F. Supp. 2d 359, 363 (N.D.N.Y. 2001) (citing *Hensley*, 461 U.S. at 437 n.12) (other citations omitted). "If 'the time records submitted in support of a fee application lack sufficient specificity for the Court to assess the reasonableness of the amount charged in relation to the work performed, the Court is justified in reducing the hours claimed for those entries.'" *Williamsburg Fair Hous. Comm. v. New York City Hous. Auth.*, No. 76-CV-2125, 2005 WL 736146, *9 (S.D.N.Y. Mar. 31, 2005) (citation omitted). Although Messrs. Sivin and Miller's time entries are not exceptionally detailed, they provide enough information for the Court to understand the work completed. *See* Dkt. No. 86-3; Dkt. No. 86-4.

Defendants scrutinize many of Mr. Sivin's time entries.  *See* Dkt. No. 91 at 13-17.  Mr. Sivin billed 9.6 hours across two days for reviewing an intake memorandum, Plaintiff's file, Plaintiff's prior case, and "all documentation from case."  Dkt. No. 86-3 at 2.  Mr. Sivin also met with other attorneys to discuss the case and drafted a memorandum concerning his next steps.  *See id.*  Defendants argue that this billing is redundant and excessive because it indicates that Mr. Sivin reviewed the same documents on both days, which consisted of only 367 pages of mandatory disclosure.  *See* Dkt. No. 91 at 13.  Defendants contend that Plaintiff's prior case was irrelevant, and the other tasks are ministerial and take minimal time to complete.  *See id.* at 14.

Mr. Sivin explains that he did not review the same documents over the two days.  *See* Dkt. No. 92 at ¶ 8.  He states that the first day he reviewed documents that Plaintiff provided to him and the second day he reviewed documents provided from other sources and compared those documents with those from Plaintiff.  *See id.*  Mr. Sivin notes that he reviewed Plaintiff's prior lawsuit to determine whether there would be any problems with the present case.  *See id.* at ¶ 9.

Mr. Sivin does not explain how many pages of documents he reviewed on either day. Plaintiff's complaint was eleven pages, and Plaintiff had thirty-one pages of exhibits at trial.  *See* Dkt. Nos. 1, 75.  Even considering the 367 pages of mandatory disclosures, it is unreasonable to spend 9.6 hours reviewing those documents.  The Court concludes that Mr. Sivin's billing is excessive and will reduce the award by thirty-three percent.[1]

Next, Mr. Sivin billed 5 hours for drafting responses to Defendants' discovery requests and drafting Plaintiff's discovery requests.  *See* Dkt. No. 86-3 at 2*; see also* Dkt. No. 92 at ¶ 10.

---

[1] A thirty-three percent reduction is a reasonable reduction that is often applied by this Court.  *See New York State Rifle & Pistol Ass'n, Inc.*, 2023 WL 6200195, at \*17 (collecting cases); *Parish v. Kosinski*, No. 5:17-CV-0344, 2018 WL 1475222, \*7 (N.D.N.Y. Feb. 5, 2018); *Tranchina,* 2021 WL 5139471, at \*4.

Defendants argue that the billing is duplicative and excessive because Plaintiff's responses to Defendants' discovery requests were four pages. *See* Dkt. No. 91 at 14.[2]  Five hours to review, respond, and draft discovery responses and requests is not excessive, even in a straightforward case.  As such, the Court will not reduce those hours.

In December 2020, Mr. Sivin billed 12.7 hours to review Defendants' discovery responses. *See* Dkt. No. 86-3 at 2.  In March 2021, he then billed 2 hours to "[r]eview file." *Id.*  Defendants argue that the time entries are redundant and inaccurate. *See* Dkt. No. 91 at 14-15.  Mr. Sivin explains that he reviewed 1,377 documents consisting of the Rule 26 documents, 432 pages of medical records, and 578 pages of psychiatric records. *See* Dkt. No. 92 at ¶¶ 10-12.

Spending approximately twelve hours to review 2,387 pages of documentation is not unreasonable.  Additionally, two hours reacquainting oneself with a case almost three months after last dealing with it is not excessive.

Mr. Sivin billed 7.5 hours for reviewing the "file and begin work on pre-trial submissions, including jury instructions, verdict sheet, proposed voir dire, pre-trial stip, etc." Dkt. No. 86-3 at 3.  He then billed 3 hours for "[m]ulti-tasking on pre-trial preparations, including drafting motions in limine, back and forth with [Mr. Miller] re trial strategy, back and forth with AG re various housekeeping issues, etc." *Id.*  Mr. Sivin also billed 2.3 hours for "[c]omplet[ing] all pre-trial submissions and file with the court." *Id.*  Defendants challenge these 12.8 hours because the case was "a standard 8th Amendment excessive force/failure to intervene case" and Mr. Sivin "has tried

---

[2] In his reply brief, Plaintiff argues that the exhibits Defendants attached to their response should not be considered because they were not authenticated by or annexed to an affirmation or declaration. *See* Dkt. No. 92-6 at 3.  Plaintiff does not challenge the authenticity of any of the documents submitted by Defendants. *See id.*  The Court has not relied on the substance of the documents to determine the reasonableness of Plaintiff's fee requests.  The Court has used its knowledge of the case to determine reasonableness and the Court will not strike Defendants' exhibits.

well over a hundred of these cases." Dkt. No. 91 at 16.  Mr. Sivin explains that he drafted "a Pretrial Stipulation, Proposed Jury Instructions, Proposed Verdict Form, Proposed Voir Dire, Witness List, Exhibit List, and Trial Brief." Dkt. No. 92 at ¶ 15.  The Court agrees that 12.8 hours to draft those documents is excessive where Plaintiff's claims were straightforward Eighth Amendment claims and Mr. Sivin "has litigated hundreds of these cases." Dkt. No. 86-1 at ¶ 12. Thus, the Court will reduce those hours by thirty-three percent.

Mr. Sivin billed 1.7 hours for reviewing jury instructions, drafting his opposition to Defendants' motion in limine, and meeting with Mr. Miller to discuss the jury's verdict.  *See* Dkt. No. 86-3 at 3.  Defendants argue that reviewing jury instructions is redundant, and that Mr. Sivin should not be permitted to bill for discussing the verdict with Mr. Miller.  *See* Dkt. No. 91 at 16. Mr. Sivin contends that it is reasonable to review proposed jury instructions, prepare objections, and discuss the steps that he and Mr. Miller would need to take regarding the jury's verdict.  *See* Dkt. No. 92 at ¶ 16.  The Court agrees that spending 1.7 hours on these tasks is reasonable.

In January 2023,[3] Mr. Sivin billed 1.2 hours for "indexing trial transcript," .6 hours on "[m]ore indexing of trial transcript," and 3.2 hours on "[m]ore indexing of trial transcript." Dkt. No. 86-3 at 3-4.  Defendants argue that the hours related to indexing are excessive and redundant because the task was also assigned to a paralegal.  *See* Dkt. No. 91 at 16-17.  Mr. Sivin explains that his indexing is different from a paralegal's indexing.  *See* Dkt. No. 92 at ¶ 17.  He states that paralegals index deposition transcripts in preparation for trial, but Mr. Sivin indexed the trial transcripts to prepare for Defendants' post-trial motion.  *See id.*  Spending approximately five hours indexing 608 pages of trial transcripts is not unreasonable.

---

[3] The time entries reflect dates in January 2022.  *See* Dkt. No. 86-3 at 3-4.  Mr. Sivin explains that the entries should read 2023.  *See* Dkt. No. 92 at ¶ 18, n.4.

Mr. Sivin spent 4 hours "drafting 50/59 opposition papers," 6.5 hours "drafting opposition papers," and 1.3 hours finalizing opposition papers. Dkt. No. 86-3 at 4. Defendants argue that the 11.8 hours drafting opposition papers is excessive because Plaintiff's opposition was twenty pages, the case was straightforward, and Mr. Sivin has decades of experience. *See* Dkt. No. 91 at 17. Mr. Sivin responds that he also drafted his fourteen-page declaration in support of the motion for attorneys' fees and "supervised the assemblage of the exhibits to [his] declaration" during the 11.8 hours. Dkt. No. 92 at ¶ 18. The Court concludes that 11.8 hours to prepare a response memorandum to a post-trial motion and a declaration detailing requests for attorneys' fees is not excessive.

### 3. *Whether Mr. Miller's Hours are Reasonable*

Defendants object to numerous time entries from Mr. Miller. *See* Dkt. No. 91 at 21-24. Mr. Miller billed 4 hours for reviewing "memos in file (intake, progress notes and EBT memos)." Dkt. No. 86-4 at 2. Defendants object because the entry does not provide details about the memoranda. *See* Dkt. No. 91 at 21. Although the time entry is not detailed, it is not unreasonable for Mr. Miller to have spent 4 hours acquainting himself with the case and the memoranda related to it where Mr. Sivin had been working on the case for approximately one year.

Next, Mr. Miller billed 5.5 hours for reviewing Plaintiff's "deposition with note taking," 3 hours for cross referencing "deposition with index making addition to index," and 3 hours for reviewing Plaintiff's "deposition in preparation for second prep session." Dkt. No. 86-4 at 2-3. Defendants argue that this billing is excessive and redundant as Ms. Liebowitz and Mr. Sivin also billed for reviewing Plaintiff's transcript. *See* Dkt. No. 91 at 21-22. Plaintiff asserts that the 11 hours Mr. Miller spent reviewing Plaintiff's deposition transcript was necessary so that Mr. Miller was aware of every statement made by Plaintiff and how it related to the other evidence in the

case.  *See* Dkt. No. 92 at ¶ 30.  Mr. Miller's billing is excessive because Mr. Sivin explained that Ms. Leibowitz thoroughly indexed all of the deposition transcripts.  *See* Dkt. No. 92 at ¶¶ 19-20. This, the Court will reduce Mr. Miller's hours by thirty-three percent.

Mr. Miller billed 3 hours for reviewing an exhibit binder created by Ms. Leibowitz, 3 hours for compiling an exhibit list, 2.5 hours for reviewing "exhibits for purposes of stipulation," .5 hours for reviewing "Plaintiff's exhibits going to defense counsel," and 2 hours for reviewing "all binders (exhibit, deposition, trial binder)."  Dkt. No. 86-4 at 2, 4-5.  Defendants argue that Mr. Miller's billing equates to "13.5 hours billed to compil[e] 27 exhibits and put them in binders – a ministerial task which Plaintiff also endeavors to bill to a paralegal[.]"  Dkt. No. 91 at 22. Plaintiff argues that "[a]ll of this is standard fare for any comprehensive trial preparation[.]"  Dkt. No. 92 at ¶ 32.

Plaintiff's exhibits consisted of thirty-one pages.  *See* Dkt. No. 75.  Mr. Miller's billing is repetitive of Ms. Leibowitz' billing for creating "preliminary exhibit list" and "[c]reating Glenn's exhibit binder."  Dkt. No. 86-5 at 3-4.  Accordingly, the Court will reduce Mr. Miller's hours by thirty-three percent.

Defendants next object to Mr. Miller billing 22.5 hours across seven days to prepare for Plaintiff's direct examination.  *See* Dkt. No. 91 at 22-23.  Defendants contend that Plaintiff's direct examination lasted one hour at trial.  *See id.* at 22.  Plaintiff explains that three of the 22.5 hours were spent on preparing an opening statement, but that 22.5 hours is reasonable as Plaintiff's direct examination was one of the most important aspects of the case.  *See* Dkt. No. 92 at ¶ 33.

Defendants also object to the number of hours Mr. Miller billed in preparing for other examinations.  *See* Dkt. No. 91 at 23.  Specifically, Mr. Miller billed 3 hours to prepare for the direct examination of Roy Zehr, which lasted seven minutes at trial.  *See* Dkt. No. 91 at 23; *see*

14

*also* Dkt. No. 86-4 at 3.  Mr. Miller spent 3 hours reviewing Defendant James' deposition and 9 hours preparing for the examination, which lasted two hours and fifteen minutes.  *See* Dkt. No. 91 at 23; *see also* Dkt. No. 86-4 at 2-4.  Finally, Mr. Miller billed 12.5 hours to prepare for Defendant Tompkins' examination.  *See* Dkt. No. 91 at 23; *see also* Dkt. No. 86-4 at 2-3.  Plaintiff argues that these hours are reasonable.  *See* Dkt. No. 92 at 14.

Spending 22.5 hours to prepare a direct examination that lasted approximately one hour is unreasonable.  Plaintiff's complaint was eleven pages long, Plaintiff had thirty-one pages of exhibits, and his voluminous medical records were not presented at trial.  *See* Dkt. Nos. 1, 75. The Court will reduce the 22.5 hours by thirty-three percent.  However, spending 3, 12, and 12.5 hours to prepare the cross examinations of one non-party witness and two of the Defendants is not unreasonable.  The Court will not reduce those hours.

Across four days, Mr. Miller billed 7 hours for reviewing psychotherapy records.  *See* Dkt. No. 86-4 at 4-5; *see also* Dkt. No. 91 at 23.  Mr. Miller billed 14 hours for reviewing Office of Mental Health ("OMH") records.  *See* Dkt. No. 86-4 at 2, 4.  Defendants assert that the psychotherapy records were 57 pages and the OMH records were 289 pages.  *See* Dkt. No. 91 at 23.  Plaintiff explains that the OMH records were double-sided, so Mr. Miller reviewed 578 pages.  *See* Dkt. No. 92 at ¶ 35, n.6.

Mr. Miller's review of 635 pages of medical records in 21.7 hours approximates to Mr. Miller spending two minutes reading each page.  Although Plaintiff's medical records were not used at trial, that determination was made after reviewing his medical records.  Mr. Miller did not spend an unreasonable amount of time reviewing Plaintiff's medical records and the Court will not reduce the hours.

Mr. Miller traveled to Sing Sing Correctional Facility to meet with non-party incarcerated individual Adam Phillips and billed 3 hours for the travel time and meeting.  *See* Dkt. No. 86-4 at 4.  He then spent 2 hours preparing Phillips' direct examination.  *See id.*  He billed another .5 hours to finalize the direct examination.  *See id.*  Mr. Miller also billed 3.5 hours for his travel to Fishkill Correctional Facility to meet with non-party incarcerated individual Julio Jiminez, and 3.2 hours to prepare the examination.  *See id.* at 3-4.  Defendants argue that the billing is excessive, and Plaintiff failed to establish why traveling to the correctional facilities was necessary.  *See* Dkt. No. 91 at 24.  Plaintiff argues that the decision to speak with the individuals in person instead of over the phone is reasonable.  *See* Dkt. No. 92 at ¶ 36.

"Lawyers frequently need to travel to interview witnesses and conduct depositions as a necessary adjunct to their services for a client.  It is appropriate that they be compensated for doing so." *K.F. v. New York City Dep't of Educ.*, No. 10-CV-5465, 2011 WL 3586142, *6 (S.D.N.Y. Aug. 10, 2011); *see also K.F. v. New York City Dep't of Educ.*, No. 10-CV-5465, 2011 WL 4684361, *1 (S.D.N.Y. Oct. 5, 2011) ("Examples of the type of travel for which an award of attorney's fees may be appropriate include travel to and from . . . witness interviews . . .").  It was not unreasonable for Mr. Miller to travel to interview the witnesses.  As such, the Court will award attorneys fees for his travel.  However, his fees will be reduced for the 4.5 hours of travel time by fifty percent.  *See Pope v. Cnty. of Albany*, No. 1:11-CV-0736, 2015 WL 5510944, *16 (N.D.N.Y. Sept. 16, 2015) ("The Northern District typically reimburses travel time at fifty percent of hourly rates").

Finally, Mr. Miller billed 5.5 hours to prepare the cross examinations of Defendant Locklin and non-party witness LaPorte.  *See* Dkt. No. 86-4 at 3.  Defendants argue that this is excessive because Mr. Miller's cross examinations lasted 16 and 20 minutes, respectively.  *See*

Dkt. No. 91 at 24. Plaintiff asserts that "Defendants do not even suggest how such a modest time expenditure was unnecessary or unreasonable." Dkt. No. 92 at ¶ 37. The Court concludes that 5.5 hours to prepare two cross examinations is not unreasonable.

### 4. Whether Ms. Leibowitz's Hours are Reasonable

Defendants argue that the amount of hours Ms. Leibowitz billed for indexing various documents is excessive. *See* Dkt. No. 91 at 18. Defendants note that Ms. Leibowitz spent 10 hours indexing a 208-page transcript, 2 hours for a 54-page transcript, and 5 hours for an 83-page transcript. *See id.*; *see also* Dkt. No. 86-5 at 2, 6-14. Plaintiff argues that Ms. Leibowitz's indexing was necessary and reasonable to adequately prepare for trial. *See* Dkt. No. 92 at ¶¶ 19-21.

Defendants also challenge Ms. Leibowitz's billing for creating binders. *See* Dkt. No. 91 at 19. Defendants contend that spending a little over fifteen hours creating binders is unreasonable. *See id.* Defendants also argue that Ms. Leibowitz should not be compensated for her time entries related to issuing subpoenas because Plaintiff did not serve any subpoenas in this case and if Plaintiff did, the time billed is unreasonable. *See* Dkt. No. 91 at 20. Plaintiff asserts that he served six subpoenas and that creating trial binders is necessary to prepare for trial and requires more than placing papers into a binder. *See* Dkt. No. 92 at ¶¶ 22-24, 27.

"The Supreme Court held . . . that 'purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.'" O.*R. v. New York City Dep't of Educ.*, 340 F. Supp. 3d 357, 368 (S.D.N.Y. 2018) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). Thus, "case law holds that such secretarial tasks are considered part of a firm's overhead and are not to be included as part of an award for costs and fees." *Id.* (collecting cases); *see also* *Grant* , 357 F. Supp. 3d at 203 ("Clerical tasks such as organizing case files and preparing

17

documents for mailing are not compensable. However, paralegal tasks such as the selection and

redaction of trial exhibits and preparation of trial exhibits and witness binders are compensable");

*Montanez,* 2020 WL 5123134, at *9 (citations and quotation marks omitted) ("Courts have

identified clerical tasks as sending and receiving faxes, requesting and receiving medical records,

serving papers, filing documents, preparing a summons and complaint for service, and ECF

filings[.] [S]ecretarial tasks such as copying a file, informing individuals about hearing

scheduling, preparing a bill, and other ministerial communications with witnesses or clients, are

considered part of a firm's overhead and are not to be included as part of an award for costs and

fees").

   Indexing deposition transcripts is more than clerical insofar as Ms. Leibowitz was cross

referencing depositions with each other and with the evidence to assist in preparing for trial. *See*

Dkt. No. 86-1 at ¶ 29; *see also* Dkt. No. 92 at ¶¶ 19-20. Preparing subpoenas is also not

ministerial, and courts award fees for preparing trial binders. Ms. Leibowitz's billing is not

excessive in this regard. Although this Court has concluded that "paralegal tasks such as the

selection and redaction of trial exhibits and preparation of trial exhibits and witness binders are

compensable," *Grant*, 357 F. Supp. 3d at 203,"[c]reating Glenn's exhibit binder," is clerical. Dkt.

No. 86-5 at 3-4. Plaintiff does not contend otherwise. *See* Dkt. No. 92. As such, Ms. Leibowitz's

hours will be reduced for the time spent creating Mr. Miller's binder.

   Defendants argue that Ms. Liebowitz's billing for almost two hours of reviewing Plaintiff's

psychotherapy records is excessive because "Plaintiff's counsel elicited zero testimony from him,

and zero testimony from the defendants, related to any meds anybody was prescribed." Dkt. No.

91 at 20. Plaintiff explains that the review of Plaintiff's psychotherapy records was necessary to

determine if he referenced the assault at issue in the case. *See* Dkt. No. 92 at ¶ 26. Although the

Court concludes that reviewing Plaintiff's medical records was necessary to determine if those records would be useful at trial, it finds Ms. Leibowitz's billing entirely redundant of Mr. Miller's billing, who billed 21.7 hours for reviewing Plaintiff's medical records. See Dkt. No. 86-4 at 2, 4-5. As such Ms. Leibowitz's hours will be reduced by thirty-three percent.

Finally, Defendants argue that for each day of trial Ms. Leibowitz billed longer hours than the trial. *See* Dkt. No. 91 at 20. Defendants assert that Ms. Leibowitz billed for an additional hour and forty-five minutes, hour and forty minutes, and forty minutes, across the three days of trial. *See id.* Plaintiff states that the additional time accounts for when Ms. Leibowitz was in the courtroom before and after the Court went on and off the record. *See* Dkt. No. 92 at ¶ 28. It is not unreasonable that Ms. Leibowitz was in the courtroom preparing counsel table, exhibits, etc. before and after trial while in the courtroom. As such, the Court will not reduce these hours.

### 5. *Additional Expenses*

Defendants argue that Plaintiff's request for $6,780.13 of "litigation expenses" should be denied because the request is unsubstantiated. Dkt. No. 91 at 28. In Plaintiff's reply, Mr. Sivin presents documentation that supports $4,098.94 in litigation expenses. *See* Dkt. No. 92 at ¶ 39; *see also* Dkt. No. 92-5. This includes reporter fees for depositions, hotel expenses, process server costs, travel expenses, and trial supplies. *See id.*

"Identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs are generally taxable under § 1988[.]" *Kuzma v. IRS*, 821 F.2d 930, 933-34 (2d Cir. 1987). "The general rule for courts within the Second Circuit is to compensate travel time 'at half the usual hourly rate.'" *Montanez*, 2020 WL 5123134, at *6 (quoting *Critchlow v. First Unum Life Ins. Co. of Am.*, 377 F. Supp. 2d 337, 343, n.1 (W.D.N.Y. 2005)). "However, . . . courts within this Circuit also recognize that when it comes to awarding attorney's fees for travel

time, '[d]efendants should not be penalized for a plaintiff's choice of out-of-district counsel, unless the case required special expertise beyond the competence of forum district law firms.'" *Id.* (citation omitted).

"Where the prevailing plaintiff retained an out-of-district attorney, courts have completely excluded the travel time unless those attorneys can demonstrate 'the case required special expertise beyond the competence of forum district law firms.'" *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 256 (E.D.N.Y. 2020) (citation omitted); *see also Doe by & through Doe v. E. Lyme Bd. of Educ.*, No. 3:11-CV-291, 2019 WL 1397455, *11 (D. Conn. Mar. 27, 2019) (citation omitted) ("[H]ours spent traveling by out-of-district attorneys into the district are not hours 'reasonably expended' where competent counsel is available within the district"). This is because "a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 191 (2d Cir. 2008).

Plaintiff seeks an award of fees for 9.5 hours of travel time for Mr. Miller at $175 per hour (half his rate) and 6.17 hours of travel time for Ms. Leibowitz at $45 per hour (half her rate). *See* Dkt. No. 86-1 at ¶ 31. Plaintiff also seeks $218.00 in travel expenses. *See* Dkt. No. 92 at ¶ 39. Plaintiff submits declarations from attorneys practicing in the Southern District of New York who are aware of Mr. Miller's expertise. *See* Dkt. No. 86-2. The declarations attest that Mr. Miller is adept in civil rights litigation. *See* Dkt. No. 86-2 at 3-4, 7, 13. The Court does not disagree that Mr. Miller is highly skilled and qualified. However, Plaintiff has not sufficiently shown that his out-of-district counsel "possessed special expertise unavailable in the forum district." *Montanez*, 2020 WL 5123134, at *7; *see also* Dkt. Nos. 86-1, 92. As such, as this Court concluded in

*Montanez* and *Tranchina*, it will not award costs for travel time and expenses.  *See Montanez*,

2020 WL 5123134, at *7; *Tranchina*, 2021 WL 5139471, at *5.

"[D]istrict courts within this Circuit regularly award hotel costs for out-of-district

counsel."  *Montanez*, 2020 WL 5123134, at *16 (collecting cases).  Thus, the Court will grant

Plaintiff the requested $840.94 in hotel costs.  *See* Dkt. No. 92 at ¶ 39.  As for the trial supplies,

reporter costs for depositions, and process server, the Court will award such costs as they are

reasonable.  *See id.*; *see also Osterweil*, 92 F. Supp. 3d at 37-38; *S.F. v. New York City Dep't of

Educ.*, No. 21-CV-11147, 2023 WL 4531187, *4 (S.D.N.Y. July 13, 2023).

Plaintiff also seeks an additional $8,190 for Mr. Sivin and Miller's time in preparing

Plaintiff's reply brief.  *See* Dkt. No. 92 at ¶ 38.  Mr. Sivin declared that he spent 17.7 hours and

Mr. Miller spent 5.7 hours preparing their reply papers.  *See id.*  Plaintiff's reply is a seventeen-

page declaration from Mr. Sivin, thirty-four pages of exhibits, and a five-page memorandum.  *See*

Dkt. No. 92.  Time expended on a reply is compensable.  *See Dancy v. McGinley*, 141 F. Supp. 3d

231, 246 (S.D.N.Y. 2015); *see also Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017)

("Prevailing parties under Section 1988 are [] entitled to recover a reasonable fee for preparing

and defending a fee application").  However, 23.4 hours between Mr. Miller and Mr. Sivin to

complete the reply is unreasonable.  *See Schuman v. Aetna Life Ins. Co.*, No. 3:15-CV-01006,

2017 WL 4632428, *3 (D. Conn. Oct. 16, 2017).  As such, the Court will reduce each request by

thirty-three percent.

### III.  CONCLUSION

The Court has reviewed the remaining attorneys' fees and costs submitted by Plaintiff's

counsel, which Defendants have not objected to, and has found them reasonable.  Based on the

foregoing, the Court awards attorneys' fees as follows:

| Name | Requested Rate | **Adjusted Rate** | Requested Hours | **Adjusted Hours** | Requested Total | **Adjusted Total** |
|------|----------------|-------------------|-----------------|--------------------|-----------------|--------------------|
| Edward Sivin | $350 per hour | $350 per hour | 116 | 102.77 | $40,600.00 | $35,969.50 |
| Glenn Miller | $350 per hour | $350 per hour | 226.8[4] | 197.92 | $77,717.50 | $69,272.00 |
| Stephanie Leibowitz | $90 per hour | $90 per hour | 106.2[5] | 98.47 | $9,280.35 | $8,862.30 |
| Jake Ethé | $90 per hour | $90 per hour | 10.81 | 10.81 | $972.90 | $972.90 |
| Costs | | | | | $6,780.13 | $3,880.94 |
| **Total** | | | | | $135,350.88 | **$118,957.64** |

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

ORDERS that Plaintiff's motion for attorneys' fees (Dkt. No. 86) is **GRANTED**; and the Court further

ORDERS that Plaintiff is awarded $118,957.64 in attorneys' fees; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 20, 2023
      Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**

---

[4] Includes 9.5 travel hours billed at $175.00 per hour.
[5] Includes 6.17 travel hours billed at $45.00 per hour.